The Honorable Anthony J. Battaglia

United States District Judge Southern District of California

221 West Broadway, Suite 4140 San Diego, CA 92101

**UNITED STATES DISTRICT COURT FOR THE 9th DISTRICT, e.g., SOUTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES OF AMERICA, | v. | Case No. 3:2019cr04553 and 3:2022cr00318 ASHLEIGH LYNN CHAVEZ, | Defendant.**

**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

**Pursuant to 18 U.S.C. § 3583(e)(1) and *Miles v. Bowers*, No. 25-1291 (1st Cir. 2026)**

Defendant **ASHLEIGH CHAVEZ** proceeding pro se, respectfully moves this Court to terminate her term of supervised release. This motion is based on the recent First Circuit decision in *Miles v. Bowers*, which clarifies that First Step Act (FSA) time credits accrue from the commencement of a federal sentence, including time spent in non-BOP facilities awaiting transfer.

### I. BACKGROUND

1. On April 1, 2021 and second case sentence on July 5, 2022 this Court sentenced the Defendant to 12 months and a day and second case 24 months consecutive to first case and a term of 36 months concurrently for Supervised Release.

2. Following sentencing, the Defendant remained in the custody of GEO San Diego, San Luis Arizona and Santa Ana Jail from **March 8, 2022** to **April 1, 2023** totaling **389** days before being transferred to a designated BOP facility.

3. During this period, the Defendant's federal sentence had already "commenced" under **18 U.S.C. § 3585(a)**.

4. The Defendant was released from BOP custody on November 18, 2023 and began supervised release.

**II. ARGUMENT** In *Miles v. Bowers*, No. 25-1291 (1st Cir. April 2026), the Court held that the BOP regulation (28 C.F.R. § 523.42(a))—which triggers FSA credit accrual only upon arrival

at a designated facility—is invalid because it conflicts with the statutory definition of sentence commencement.

The Court further clarified that:

- FSA credits "shall" be earned for participation in productive activities from the moment a sentence commences.

- A non-federal location is not a categorical bar to earning credits.

- The completion of a formal "Risk and Needs Assessment" is not a prerequisite to *earning* credits.

In the Defendant's case, the BOP failed to account for the **389 days** spent in local custody. Had these FSA credits been properly applied, the Defendant would have been eligible for transfer to supervised release significantly earlier. Consequently, the Defendant has effectively "over-served" the custodial portion of the sentence.

Under **18 U.S.C. § 3583(e)(1)**, this Court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. Given that the Defendant was deprived of statutory credits through a misapplication of the law, early termination is the appropriate equitable remedy.

While supervised release and imprisonment are distinct, the equitable consideration of "over-served" time provides a compelling basis for the Court to exercise its discretion under 18 U.S.C. § 3583(e)(1) to terminate the remainder of the term.

**III. CONDUCT ON SUPERVISION** The Defendant has been on supervision for 2.5 years and has maintained exemplary compliance. She is currently enrolled in a Master's program at San Diego State University and has maintained a consistent record of compliance, including making monthly restitution payments of **$500**. While she has successfully secured employment, she has faced challenges in maintaining these roles due to contact between her Probation Officer and previous employers.

The Defendant is deeply supported by her family and is dedicated to giving back to her community through her involvement with **Project Rebound at SDSU** and her active participation in **White Collar Justice** meetings.

**CONCLUSION** For the reasons stated above, the Defendant respectfully requests that the Court grant this motion and terminate the remaining term of supervised release.

Respectfully submitted,

Dated: **May 5, 2026**

**Ashleigh Chavez** *Ashleigh Chavez*

I hereby certify that on May 5, 2026, a copy of the foregoing Motion was served upon the Office of the United States Attorney for the Southern District of California via mail.

Ashleigh Chavez
2305 Eastridge Loop
Chula Vista CA
91915

Honorable Judge Battaglia
US District Judge Southern District , Ca
321 W. Broadway
Ste 4140
San Diego CA 92101

92101-897395