ADAM GORDON
United States Attorney
Jeffrey D. Hill
Special Assistant United States Attorney
California Bar No. 235258
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7924
Email: Jeffrey.Hill@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ASHLEIGH LYNN CHAVEZ,<br>　aka "Ashleigh Lynn Coulson",<br>　aka "Ashleigh Chavez Coulson",<br>　　Defendant. | Criminal Case No. 22-cr-00318-AJB<br><br>**THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>The Honorable Anthony J. Battaglia |

The UNITED STATES OF AMERICA, by and through its counsel, ADAM GORDON, United States Attorney, and Jeffrey D. Hill, Special Assistant United States Attorney, hereby files its Response in Opposition to Defendant's Motion for Early Termination of Supervised Release, which is based on a review of the available records in this case and in related case 19-CR-04533-AJB.

## I.    BACKGROUND

On April 1, 2021, Defendant was sentenced to 12 months and 1 day in prison, followed by a three-year term of supervised release in case 19-cr-04553-AJB. As a part of her sentence, Defendant was ordered to pay $174,747.00 in restitution to her former employer, Lekos Electric, Inc., and AmTrust North America. *See* ECF No. 105.

Defendant was initially permitted to remain out of custody until July 1, 2021, and later until October 1, 2021, based upon letters proffered to the Court and attributed to two medical professionals describing Defendant's purported ill health. Defendant reported to the Bureau of Prisons to begin serving her sentence in 19-cr-04553-AJB on October 1, 2021. The proffered letters were found to have been forged, and as a result Defendant was charged in case 22-cr-00318-AJB. On June 5, 2022, Defendant was sentenced to serve a 24-month consecutive prison term in 22-cr-00318-AJB, followed by a concurrent three-year term of supervised release. *See* ECF No. 50.

Defendant was released from the Bureau of Prisons in November 2023, and began to serve concurrent three-year terms of supervised release in each case. Defendant's concurrent terms of supervised release are currently scheduled to expire during November 2026.

According to Defendant's assigned probation officer, as of May 22, 2026, Defendant still owes $136,783.14 in restitution to the victims in case 19-cr-04553-AJB.

## II.    ANALYSIS

The Court is permitted to terminate Defendant's term of supervised release under 18 U.S.C. § 3583(e)(1), after weighing the factors under 18 U.S.C. 3553(a).  Defendant has the burden to convince the Court that a modification of supervised release is warranted. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Defendant's Motion references her enrollment in a course of study at San Diego State University, her compliance with court-ordered restitution payments, her employment, and her involvement in volunteer activities. *See* ECF 51 at 2.

While Defendant's self-described conduct appears to be laudable, the United States does not believe that the interests of justice are served by granting Defendant's Motion when Defendant has paid less than one-quarter of the restitution that the Court ordered her to pay in case 19-cr-04553-AJB.

## III.    CONCLUSION

It is the view of the United States that a further reduction and early termination of Defendant's supervised release term is unwarranted, owing to the nature and circumstances

of the original offenses, and particularly the substantial amount of restitution that Defendant still owes, and the need to avoid unwarranted sentencing disparities. The United States therefore respectfully requests that Defendant's Motion be denied.

DATED: June 15, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

*Jeffrey D. Hill*

JEFFREY D. HILL
Special Assistant U.S. Attorney