PROB 12C
(06/17)

June 16, 2026
pacts id: 6329151

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ashleigh Lynn Chavez (English)                **Dkt. No.:** 22CR00318-001-AJB

**Reg. No.:** 91488-298

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** 18 U.S.C. §§ 1503, Obstruction of Justice, a Class C felony.

**Date of Sentence:** July 5, 2022

**Sentence:** 24 months' custody, concurrent with 19CR4553-AJB, followed by 3 years' supervised release, concurrent with 19CR4553-AJB. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** November 20, 2023

**Asst. U.S. Atty.:** Jeffrey D.  Hill          **Defense Counsel:**     Benjamin B. Kington
                                                                      (Appointed)
                                                                      (619) 232-3320

**Prior Violation History:** None.

**Absconded From Supervision**: No.

---

## PETITIONING THE COURT

**TO ISSUE A BENCH WARRANT**

PROB12(C)

Name of Offender: Ashleigh Lynn Chavez                                June 16, 2026
Docket No.: 22CR00318-001-AJB                                          Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about October 21, 2024, and March 10, 2025, Ms. Chavez committed wire fraud to fraudulently secure employment with Company 1, in violation of 18 U.S.C § 1343, as evidence by the complaint filed in U.S. District Court, Southern District of California, Docket No. 26MJ3370-VET. |

***Grounds for Revocation:*** As to allegation 1, I received and reviewed the complaint with probable cause statement, filed in the U.S. District Court, Southern District of California in Docket No. 26MJ3370-VET, which confirms the following: On July 18, 2024, Ms. Chavez was hired by a non-profit and was subsequently terminated by T.S. due to her background check revealing her conviction for the instant offense.

On October 21, 2024, Ms. Chavez applied for employment as a human resource manager with Company 1, a tour and cruise company. On November 8, 2024, Ms. Chavez received a conditional offer of employment from Company 1, contingent on passing their background check. Ms. Chavez submitted a letter from T.S. confirming she was previously employed with the nonprofit. The letter indicated that Ms. Chavez was in good standing with the nonprofit and praised her for volunteering to provide GED tutoring to 11 individuals, who were homeless.

Ms. Chavez submitted a letter from M.T., an attorney based in the Southern District of California. The letter was addressed to Ms. Chavez from M.T., which indicated that Ms. Chavez was found innocent at trial, and all her charges related to the instant offense were dismissed. The letter advised Ms. Chavez not to share any official court documents as they were sealed and not publicly available, and to use this letter as clarification for her employer.

On April 17, 2025, FBI agents spoke with M.T. regarding the letter submitted by Ms. Chavez. M.T. stated that they did not write the letter, the logo and stamp included in the letter did not belong to their law firm, and the signature on the letter did not belong to them.

On August 22, 2025, T.S. was interviewed by an FBI agent regarding the letter submitted on their behalf. T.S. stated they did not write the letter, and the art on the top of the letter was their logo but not their proper letterhead. T.S. stated that Ms. Chavez did not volunteer as the letter indicated, and they do not offer those services that the letter indicated Ms. Chavez provided.

On March 10, 2025, Ms. Chavez's employment at Company 1 was terminated after her criminal history was discovered during the background check. Company 1 indicated that Ms. Chavez received $31,282.90 in total net pay, not including benefits and other contributions paid on her behalf by Company 1.

PROB12(C)

Name of Offender: Ashleigh Lynn Chavez

June 16, 2026

Docket No.: 22CR00318-001-AJB

Page 3

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On November 20, 2023, Ms. Chavez commenced her supervised release. Ms. Chavez made her restitution payments consistently since January 2025. She missed four payments in 2024. In March 2026, Ms. Chavez failed to report law enforcement contact within 72 hours. Ms. Chavez had contact with Chula Vista Police Officers while they interviewed her son regarding a family dispute between him and his father. Ms. Chavez committed a new offense of wire fraud from October 2024 through November 12, 2024. Given this information, her adjustment to supervision is consider poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Chavez currently resides with her husband and their children in Chula Vista, California. Ms. Chavez's husband was the co-defendant in the instant offense in 19CR04553-001-AJB.

Ms. Chavez reported securing employment with The Seer Group on January 20, 2024, as a Human Resources representative. She reported being laid off on October 21, 2024. Ms. Chavez reported securing employment with Hornblower's City Experiences on November 18, 2024, in a Human Resource position. She provided a document containing her job description, which indicated her position did not involve fiduciary responsibilities or solicitation of funds. The undersigned directed Ms. Chavez to inform her employer of potential third party risk and to allow the undersigned to verify third party risk notification was completed. Ms. Chavez reported she was laid off due to her disclosing her conviction for the instant offense. In August 2025, the undersigned received an email response from their Human Resources department confirming Ms. Chavez was not employed by them after several attempts to obtain verification. Ms. Chavez reported being unemployed and enrolled full-time as a graduate student at San Diego State University. However, a Chula Vista Police Department report, dated March 12, 2026, lists Ms. Chavez's occupation as Human Resources and Strive Pharmacy as her employer.

As part of her financial disclosure requirements, Ms. Chavez reported being financially supported by her mother to help cover her family's household expenses and restitution payments. Ms. Chavez reported not being able to possess her own bank account due to her conviction in the instant offense. She provided redacted bank statements from her mother's bank account as documentation of her mother's payments towards her restitution and household expenses. Ms. Chavez stated her mother provides her support as payment for Ms. Chavez's work as a full-time caregiver for her father.

Ms. Chavez is also on a concurrent term of supervised release for her conviction in 19CR04553-001-AJB for Conspiracy. Ms. Chavez has no other prior arrests, but she was granted diversion for Aid by Misrepresentation related charges.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

PROB12(C)
Name of Offender: Ashleigh Lynn Chavez June 16, 2026
Docket No.: 22CR00318-001-AJB Page 4

**USSG Provisions**: The allegation (Committed Wire Fraud) constitutes a Grade B violation. USSG §7C1.1(a), p.s. Upon a finding of a Grade B violation, it is often appropriate for the court to revoke supervised release. The court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. USSG §7C1.3(b)

A Grade B violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7C1.5, p.s.

Finally, any term of imprisonment imposed upon revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving. USSG §7C1.4(b), p.s.

Pursuant to USSG § 7C1.3 p.s. comment (n.2), upon a report of non-compliance or a finding of a violation, the court may take any appropriate action provided under 18 U.S.C. § 3583, which includes extension, modification, revocation, or termination of supervised release. If revocation is not statutorily required, the court may also consider an informal response, such as issuing a warning while maintaining supervised release without modification, continuing the violation hearing to provide the defendant time to come into compliance, or directing the defendant to additional resources needed to come into compliance.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court may reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Ms. Chavez committed a new offense related to wire fraud to secure employment as an HR representative while under supervision, which suggests she is a risk to the community. Therefore, a bench warrant is respectfully recommended to ensure her appearance before the Court and the safety of the community.

PROB12(C)
Name of Offender: Ashleigh Lynn Chavez
Docket No.: 22CR00318-001-AJB

June 16, 2026
Page 5

## RECOMMENDATION/JUSTIFICATION

In determining an appropriate sentencing recommendation, the undersigned has considered the 18 U.S.C. § 3553 sentencing factors and goals, the nature of the noncompliance, and the supervisee's individual risks and needs, which include criminal history involving fraud related offenses and criminal conduct while on supervision. After a careful and individualized assessment of the case, the undersigned respectfully recommends a 12 month-term of imprisonment with no supervised release to follow.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: June 16, 2026**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by _Michael Porta_

Michael Porta
U.S. Probation Officer
(619) 409-5124

Reviewed and approved:

Justin Garcia
Supervisory U.S. Probation Officer

PROB12CW                                                                                    June 16, 2026

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Chavez, Ashleigh Lynn

2. **Docket No.** (Year-Sequence-Defendant No.)**:**  22CR00318-001-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7C1.1)**:**

| Violation(s) | Grade |
|---|---|
| Committed Wire Fraud | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7C1.1(b))          [      B      ]
5. **Criminal History Category** (*See* USSG § 7C1.5)                       [      III     ]
6. **Range of Imprisonment** (*See* USSG § 7C1.5)                    [   8 to 14 months ]

7. **Unsatisfied Conditions of Original Sentence**:   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7C1.4 p.s. comment (n.4)):

|  |  |  |  |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine ($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

Name of Offender: Ashleigh Lynn Chavez

Docket No.: 22CR00318-001-AJB

June 16, 2026

Page 7

## THE COURT ORDERS:

  X     AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____

The Honorable James E. Simmons, Jr.
U.S. District Judge
*for*
The Honorable Anthony J. Battaglia
U.S. District Judge

June 17, 2026

Date

erh/rsb